# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Christopher R. Gonzales, | : | Case No.  3:06CV3021 |
| | : | |
| Petitioner | : | Judge Peter C. Economus |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Ernie Moore, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this pro se action in habeas corpus, 28 U.S.C. §2254, petitioner challenges his November 16, 2004 conviction and sentence[1] pursuant to a plea of guilty to one count of possession of cocaine in an amount exceeding 1000 grams, upon which he is serving a sentence of a mandatory term of ten years incarceration, plus a fine of $10,000.[2]

Petitioner did not file a direct appeal of his conviction and sentence.

Nearly ten months after he was sentenced petitioner, acting pro se, filed with the trial court a petition for post conviction relief in which he argued that: (1) his greater-than-minimum sentence violated Apprendi v. Washington, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296

---

[1]Petitioner was sentenced on January 10, 2005.

[2]The court nolled the remaining counts with which petitioner was charged, being one count of trafficking in cocaine in an amount exceeding 1000 grams, one count of possession of marijuana in an amount between 5,000 to 20,000 grams, and one count of trafficking in marijuana in that same amount.

1

(2004); (2) the trial court violated his due process rights by imposing a fine without determining his ability to pay; and (3) his trial counsel provided ineffective assistance by failing to raise in a timely manner the Apprendi/Blakely issue or the issue of his inability to pay the fine.  Although the petitioner attempted to convince the court to overlook the untimeliness of the petition, arguing that the Apprendi and Blakely cases recognized a new federal or state right which should apply retroactively to his case, in denying the petition on December 5, 2005 the court rejected that argument and held that "even if the Supreme Court determinations amounted to recognition of a new federal or state right, it appears that both Apprendi and Blakely were decided well over One Hundred Eighty (180) days prior to the filing of the instant petition and as such the petition would still be time-barred."  The court went on to further hold that the petitioner's conviction was premised upon the entry of a plea of guilty, accepted consequent to a full Rule 11 inquiry, and the sentence imposed was negotiated by the parties.

Petitioner filed a notice of appeal of the denial of postconviction relief to the Ohio Third District Court of Appeals, which was dismissed on January 23, 2006 for lack of jurisdiction for having been filed one day beyond the thirty day filing period set forth in Rule 4(A) of the Ohio Rules of Appellate Procedure.  Petitioner's motion for reconsideration of the dismissal, in which he argued that the federal mailbox rule should be applied to his notice of appeal, was denied by the appellate court on March 3, 2006.

On February 23, 2006 petitioner appealed to the Ohio Supreme Court the dismissal of his appeal as well as the issues which he would have argued on appeal, alleging the following four propositions of law:

> **Proposition of Law No. I:** Appellant's constitutional rights under Article I, section 16 was violated when the Court of Appeals dismissed Petitioner-Appellant's notice of appeal (denied access to

2

Court);

**Proposition of Law No. II:** Appellant's constitutional rights under the Sixth Amendment and the Eighth Amendment of the U.S. Constitution was violated when the trial court sentenced the petitioner-Appellant, a first-time offender, who has not previously served a prison term to non-minimum sentence. (contrary to Law) (under <u>Blakely's</u> ruling of the U.S. Supreme Court);

**Proposition of Law No. III:** Appellant's constitutional rights under the Fifth and Sixth Amendment (due process and equal protection of Law) was violated when Petitioner-Appellant was imposed a fine of ten (10) thousand dollars without a hearing to determine his ability to pay. (also in line with <u>Blakely's</u> ruling);

**Proposition of Law No. IV:** Appellant's constitutional rights under the Fifth, Sixth and Fourteenth Amendments, due to ineffective assistance of counsel.

On June 7, 2006 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On December 11, 2006 the petitioner filed the instant petition in which he raises the following sole claim for relief:

**A.   GROUND ONE:** Petitioner was denied due process of law and right to trial by jury by judicial fact finding of uncharged elements to exceed the statutory maximum sentence.

**Supporting FACTS:** The sentencing court made judicial fact findings to enhance the maximum three year sentence to ten years, based upon facts not alleged in the indictment, admitted by Petitioner, or proven beyond a reasonable doubt; with no notice or opportunity to be heard on the additional elements and where the additional elements were not admitted by the Petitioner, nor any valid jury waiver executed on the additional elements.

In response to respondent's return of writ, in which it was argued that petitioner failed to exhaust his state court remedies on his sole claim for relief, as he still had available to him the ability

3

to file with the state appellate court a delayed direct appeal in an attempt to exhaust that claim, petitioner filed on April 27, 2007 a motion to stay further briefing and to hold this case in abeyance so that he could exhaust his state remedies.  The respondent did not oppose the issuance of a stay. This Court granted that motion on May 31, 2007 and, in so doing, stayed this case so that petitioner could exhaust any remaining state court remedies, with the instruction that petitioner would notify this Court within thirty days of such exhaustion so that the stay could be lifted and the case returned to active status.

On November 28, 2007, six months after staying this case, this court issued a memorandum opinion and order noting that the petitioner had not been heard from and instructing the petitioner to "notify this Court within twenty days of entry of this Order as to the status of any state court proceeding he initiated."  Petitioner was also informed that if he failed to do so, the stay would be dissolved and the case returned to active status.

Nearly three months later, on February 22, 2008, not having heard from petitioner, this Court dissolved the stay and returned the case to active status.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date.  Lindh v. Murphy, 521 U.S. 320 (1997).

At the outset, the respondent argues that the petition should be dismissed as having been untimely filed.

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired.  Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect

4

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings.  Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

Turning to the present case, the time in which petitioner would have had to file a direct appeal from the January 10, 2005 judgment and sentence would have expired on February 9, 2005.  Lucas v. Carter, 46 F.Supp.2d 709 (N.D.Ohio 1999).  The one-year limitations period began to run on the following day, and continued to run for 266 days until November 2, 2005, when the petitioner filed his delayed petition for post-conviction relief.

Petitioner's post-conviction relief petition, having been deemed as untimely filed, did not toll the running of the limitations period.  Israfil v. Russell, 276 F.3d 768 (6th Cir.  2001) ( a post-conviction petition which is dismissed for untimeliness cannot be properly filed under §2244(d)(2) and, therefore, does not serve to toll the limitations period).   In addition, petitioner's appeal from the denial of his petition for post-conviction relief, which was also dismissed as having been untimely filed, was not properly filed pursuant to Rule 4(A) of the Ohio Rules of Appellate Procedure and, therefore, could not toll the running of the one year limitations period for filing a federal habeas petition.

The one-year limitations period continued to run for another 99 days after November 2, 2005, and it expired on February 9, 2006.  The instant petition was not filed until another ten months had passed.

Finally, there is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of his time-barred claims for relief in habeas corpus. See Dunlap v. United

5

States, 250 F.3d 1001, 1008 (6th Cir. 2001), cert. denied, 534 U.S. 1057 (2001).

That being so, the instant petition was untimely filed and, therefore, it is recommended that it be dismissed.

Even if for some reason the instant petition was not deemed as untimely filed, petitioner's sole claim for relief remains unexhausted.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987).  Under the exhaustion doctrine a petitioner must "fairly present" each federal constitutional claim to the state courts before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27 (2004);  Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995).  In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.3d 322, 326 (6th Cir. 1987), cert. denied, 532 U.S. 958 (2001).  Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004).  It is not enough to present the

facts giving rise to the federal claim raised in habeas corpus;  a petitioner must present the same legal theory to the state courts as is presented to the federal courts in order to preserve the claim. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998).  Even if a claim is related, but distinct, the claim is nonetheless defaulted.  Lott v.  Coyle, 261 F.3d 594, 607, 619 (6th Cir.  2001).

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and would be barred from pursuing relief on that claim in the state courts, the petition should not be dismissed for failure of exhaustion in light of the fact that there would be no available state remedies to exhaust.  Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  Under a longstanding Ohio procedural rule, a claim which could have been but was not raised on direct appeal would be barred from being raised in a delayed appeal or in a petition for post-conviction relief.  See, Boyd v. Money, 2006 U.S.Dist.  LEXIS 87982 (N.D.Ohio Nov.  20, 2006) (Judge Wells);  Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1978).  However, the petitioner must then demonstrate cause for failure to fairly present the claims to the state courts and actual prejudice to petitioner's defense at trial or on appeal.  Gray v. Netherland, supra at 162;  Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Deitz v. Money, 391 F.3d 84, 808 (6th Cir. 2004).

Turning to the present case, the petitioner admitted in his motion to stay these proceedings and to hold this case in abeyance that "the respondent has correctly asserted that the possibility, however remote, exists that a delayed direct appeal under Ohio App.  R.  5(A) remains available to him to present his claims to the state courts."  This Court granted petitioner's motion to permit him to pursue a delayed direct appeal, which he failed to do.  That being so, this action could also be dismissed as a consequence of that omission.

Procedural issues aside, the petition is subject to dismissal for failure to raise issues cognizable in habeas corpus in light of the fact that, having entered negotiated pleas of guilty to the

7

charges against him at trial, petitioner is limited to challenging his pleas and not the sentences imposed.

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." Boykin v. Alabama, 395 U.S. 238, 242 (1969).  Due to the impact of such a plea on a defendant's constitutional rights, a federal court on habeas corpus review may only overturn a conviction based upon a guilty plea if it is found that the plea violated a petitioner's constitutional right to due process.  Brady v. United States, 397 U.S. 742, 747 (1970).

It is manifest that a plea of guilty or no contest is invalid unless it is entered by a defendant knowingly, intelligently and voluntarily, without coercion.  Bousley v. United States, 523 U.S. 614, 618 (1998);  Brady v. United States, supra at 747;  Boykin v. Alabama, supra at 242;  Stumpf v. Mitchell, 367 F.3d 594, 600 (6th Cir. 2004), vacated in part on other grounds by Bradshaw v. Stumpf, 545 U.S. 175 (2005).  In order to withstand a post-conviction challenge to the voluntariness of the plea, the record must be clear as to the voluntariness.  Boykin v. Alabama, supra at 242.

In a federal habeas corpus proceeding in which a petitioner challenges the validity of a guilty plea, it is the duty of the respondent to demonstrate that the guilty plea was entered knowingly, intelligently and voluntarily, which is typically accomplished by submission of a presumptively correct plea proceeding transcript.  Stumpf v. Mitchell, supra at 600, citing Garcia v. Johnson, 991 F.2d 324, 326 (6th Cir. 1993).  The totality of the circumstances surrounding the entry of a plea must show that the plea was not coerced by threats or misrepresentations and that the defendant was informed of all the direct consequences of the plea,  Brady v. United States, supra at 755; Stumpf v. Mitchell, supra at 609, including potential maximum sentences, King v. Dutton, 17 F.3d 151, 154 (6th Cir. 1994), as well as mandatory minimum sentences, United States v. Stubbs, 279 F.3d 402, 412

8

(6th Cir. 2002), vacated on other grounds, 530 U.S. 1104 (2005).  A ruling by a state court upholding the validity of the guilty plea is presumed correct, unless there is a showing that the plea proceeding transcript is somehow inadequate to demonstrate that the plea was entered knowingly, intelligently and voluntarily.  Stumpf v. Mitchell, supra at 600, citing Garcia, supra at 326-27.

Mere post hoc claims of a petitioner that a plea agreement was different than what appeared on the record cannot, standing alone, overcome the presumption that the guilty plea was valid, the rationale being:

> If we were to rely on [the defendant]'s alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statement during the plea colloquy...indicating the opposite.

Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999), cert. denied, 528 U.S. 847 (1999).

Once a defendant consents to a sentence as part of a plea agreement and then the court imposes the bargained-for sentence, the right to challenge the sentence on appeal or collateral review is lost.  Stevenson v. Lafler, 2007 U.S.Dist.  LEXIS 58540, *6 (E.Dist.Mich.  2007), citing Drumm v. Warren, Case No.  05-CV-40037-FL, 2005 U.S.Dist.  LEXIS 43021 (E.D.Mich.  November 18, 2005) ("A defendant who consents to a certain sentence in a plea agreement and receives the sentence that he bargained for waives the right to challenge that sentence on appeal or collateral review.") Even where a sentence recommended by the parties as part of a plea agreement is rejected by the court and a longer sentence is imposed, that change in sentence is not sufficient to render the plea fundamentally unfair.  Carwile v. Smith, 874 F.2d 382, 385 (6th Cir. 1998).

Turning to the present case, instead of challenging the voluntariness of his guilty plea, as he must in order to present a cognizable claim in habeas corpus after having entered such a plea,

petitioner challenges the sentences imposed by the trial court.  The state trial court which denied

petitioner's petition for post-conviction relief held that his plea of guilty was accepted by the court

after a full Rule 11 inquiry and that the sentence imposed was one negotiated by the parties.  Having

failed to properly challenge his guilty plea, under the authorities cited above petitioner has failed

to state a claim for relief cognizable in habeas corpus.

As a consequence of the foregoing, it is recommended that the petition be dismissed without

further proceedings.


s/DAVID S. PERELMAN
United States Magistrate Judge


DATE:   March 27, 2008



# OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of
Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified
time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947
(6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).