UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER R. GONZALES,** | ) | **CASE NO. 1:06CV3021** |
| | ) | |
| Petitioner, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **ERNIE MOORE, Warden,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

This matter is before the Court upon a petition for a writ of habeas corpus filed by Christopher R. Gonzales ("Gonzales"), pursuant to 28 U.S.C. § 2254. (Dkt. # 1).

**I. BACKGROUND**

On February 28, 2007, this case was automatically referred to Magistrate Judge David S. Perelman for preparation of a report and recommendation, pursuant to 28 U.S.C. § 636 and LR 72.1. (Dkt. #5).

On May 31, 2007, the Magistrate Judge granted Gonzales' motion to stay proceedings. (Dkt. # 9). Gonzales was required to notify the Court within thirty (30) days of exhausting state remedies that the stay should be lifted. On November 28, 2007, having received no response from Gonzales for a period of six months, the Magistrate Judge ordered Gonzales to notify the Court within twenty (20) days as to the status of any state court proceedings. (Dkt. # 10). Gonzales failed to respond to the Magistrate Judge's order within the specified time, and on February 22, 2008, the Magistrate Judge

1

ordered the stay dissolved and proceeded to address the petition upon the pleadings. (Dkt. # 11).

On March 27, 2008, the Magistrate Judge issued a report and recommendation, recommending that the Court deny the instant petition because the petition is barred by the statute of limitations established by 28 U.S.C. § 2244(d)(1)(A). (Dkt. # 12). The Magistrate Judge also stated that the petition may be dismissed because Gonzales had failed to exhaust available state remedies for his sole claim for relief, or because Petitioner entered into a plea agreement by which he waived his right to contest his sentence, making his sole claim for relief in the instant petition not cognizable in habeas relief. (Dkt. # 12).

Gonzales failed to file objections within ten (10) days of the issuance of the Magistrate Judge's report and recommendation. On April 16, 2008, the Court adopted the Magistrate Judge's report and recommendation and dismissed the instant petition. (Dkt. # 13, 14). On June 16, 2008 Gonzales filed a Motion for Relief from Judgment representing that he did not receive a copy of the Magistrate Judge's report and recommendation, and therefore was not afforded an opportunity to file objections. (Dkt # 15). On June 19, 2008 this Court granted Gonzales' Motion for Relief from judgment and provided Gonzales 10 days from June 19, 2008 in which to file objections to the Magistrate Judge's report and recommendation. (Dkt. # 17). Gonzales filed the instant objections on July 7, 2008—18 days later.

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation, this Court must make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72. If a party fails to make a specific objection on a particular issue, that issue is waived. Id.

## III. LAW AND ANALYSIS

Gonzales makes two discernable objections. First, Gonzales asserts that he did not receive the Court's November 28, 2007 order instructing him to notify the Court of the status of any court proceedings in his case. Petitioner's Objections to Magistrate's Report and Recommendation, 1. Even assuming, *arguendo*, that Gonzales did not receive the November 28, 2007 order, sufficient grounds exist to deny the instant petition. Specifically, Gonzales' claims are time barred and Gonzales entered into a plea agreement waiving his right to contest his sentence.

Gonzales does not object to the Magistrate Judge's finding that his petition is time barred and that nothing exits in the record to suggest Gonzales is entitled to equitable tolling. Gonzales also fails to object to the Magistrate Judge's finding that Gonzales entered into a voluntary plea agreement by which he waived his right to contest his sentence. The Court must therefore assume that Gonzales is satisfied with the Magistrate Judge's recommendation on these issues. Any further review by this Court would be a duplicative and an inefficient use of the Court's limited resources. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Howard v. Secretary of Health and

3

Human Services, 932 F.2d 505 (6th Cir. 1991); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

In his second objection, Gonzales contends that "the stay that was granted should preclude the necessity to argue, or resolve these points until the completion of the exhaustion of the delayed appeal process in state court…" Petitioner's Objections to Magistrate's Report and Recommendation, 2. This argument is also without merit. Gonzales was granted a stay to exhaust his state remedies. Because the instant petition is time barred, the Court need not consider Gonzales' underlying claim for relief, regardless of whether Gonzales exhausted his state remedies.

## IV. CONCLUSION

The Court has reviewed the report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported. Petitioner's objections are without merit. Therefore, the Report and Recommendation of Magistrate Judge Perelman (Dkt. # 12) is hereby **ADOPTED**, and Petitioner's petition for a writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

> **/s/ Peter C. Economus – October 9, 2008**
> **PETER C. ECONOMUS**
> **UNITED STATES DISTRICT JUDGE**